Cruz YBARRA, Frank Torres and
Herman Vasquez, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 18703.

United States Court of Appeals
Ninth Circuit.

March 20, 1964.

Norman J. Kaplan, Los Angeles, Cal., and Beecher S. Stowe, Van Nuys, Cal., for appellants.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, and David R. Nissen, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and JERTBERG, Circuit Judges, and MURRAY, District Judge.

CHAMBERS, Circuit Judge.

The appellants all stand convicted of a conspiracy to engage in the illegal narcotics traffic. The events occurred in the last days of October, 1962, and at intervals during the following month of November. There were also four specific counts. There were two transactions, October 31 and November 6, where heroin changed hands.

■ Inasmuch as each of the three defendants received concurrent sentences on the counts upon which he was convicted, if we find the convictions correct on the conspiracy count, we need not pro-ceed to the other counts. Sinclair's case, Sinclair v. United States, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692. We find the conspiracy count good as to all three. Therefore, we affirm.

The appeal is an attack upon the sufficiency of the evidence. This we shall not detail. We shall give some broad outlines of the case.

From start to finish the sequence involves a government informer named Varela who was later killed in some contretemps not involving the appellants. He was a key witness, but the government had to try its case without him.

■ Of course, on review, the evidence must be viewed in the light most favorable to the government.

On the first "buy" apparently Varela as purchaser and Ybarra and Vasquez were involved. On the second "buy" Ybarra and Torres appear to be involved with Varela, and Vasquez was in or around, too. The events occurred in the El Sereno area of Los Angeles.

Yet the case on all counts, for closing gaps in the evidence in the observation by the officers of the two "buys," hangs upon conversations heard by the officers later in November when Varela was negotiating for a large order of heroin.

■ The conversations were overheard by means of a tiny Fargo radio transmitter taped to Varela's body. The officers had a receiving set. The evidence places the defendants together with Varela. The admissions are strong by Ybarra and Torres. The drift of the key conversation is that Vasquez is with them. And, while he enters the conversation only once with a single word, it is enough if the judge believed the officers. Prior to the monitored conversations, there was plenty of evidence that the defendants were engaging in some kind of mysterious business. And there was evidence someone had sold some heroin. The admissions of the conversations provided the last link. The conversations show both conspiring and overt acts.

The judgment is affirmed.